OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 26, 2002

The Honorable David Counts
Chair, Committee on Natural Resources
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0585

Re: Whether, for the purposes of section 49.052 of the Water Code, an entry-level employee working for the independent contractor that operates a municipal utility district's water and wastewater system, is a "person providing professional services to the district," thereby disqualifying the employee's relative from serving on the district's board (RQ-0566-JC)

Dear Representative Counts:

A person who "is related within the third degree of affinity or consanguinity to . . . the manager, engineer, attorney, or other *person* providing professional services to the district" is disqualified from serving on the board of a water district that is subject to Water Code section 49.052. TEX. WATER CODE ANN. § 49.052(a)(1) (Vernon 2000) (emphasis added). You ask whether a district director will be disqualified if the independent contractor that operates and maintains the district's water and wastewater system employs the director's son.[1] In our opinion, section 49.052 uses the term "person" to refer only to an individual. Consequently, assuming that the independent contractor is a corporate entity and not, in effect, the son's alter ego, the son's employment would not disqualify the director. Whether the son provides professional services to the independent contractor is irrelevant. See TEX. WATER CODE ANN. § 49.052(a)(1) (Vernon 2000).

You aver that the son of a member of an unidentified municipal utility district's board seeks entry-level employment with the company that, under contract with the district, operates and maintains the district's water and wastewater system (the "operating company"). See Request Letter, *supra* note 1, at 1. If he were hired, the son would not own any "part, portion, or interest" in the company, but he might be assigned to the district, although you do not describe what services the son might perform. *Id.* You believe that the son's employment is not "the type of professional services" that section 49.052(a)(1) contemplates, and that the director would remain qualified to serve on the board if the son accepts the employment. *Id.* at 1-2.

---

[1]Letter from Honorable David Counts, Chair, Committee on Natural Resources, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (June 20, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

The district, you state, is a conservation and reclamation district created under article XVI, section 59 of the Texas Constitution and operates under chapters 49 and 54 of the Texas Water Code. *See id.* at 1. You also indicate that the district is subject to section 49.052 of the Water Code. *See id.* We assume that the operating company is a corporate entity of some sort. We base our conclusion on this assumption and on the information you have provided us.

Chapter 49 of the Water Code applies to a district created under article XVI, section 59 of the Texas Constitution, although it does not apply to a "conservation and reclamation district governed by [c]hapter 36" of the Water Code "unless a special law" that applies to the district "states that this chapter applies to that district." TEX. WATER CODE ANN. § 49.001(a)(1) (Vernon 2000) (defining "district"). Section 49.052(a) provides that a district board member is disqualified in certain circumstances:

> A person is disqualified from serving as a member of a board of a district that includes less than all the territory in at least one county and which, if located within the corporate area of a city or cities, includes within its boundaries less than 75[%] of the incorporated area of the city or cities, if that person:
>
> (1) is related within the third degree of affinity or consanguinity to a developer of property in the district, any other member of the board, or the manager, engineer, attorney, or *other person providing professional services* to the district.

*Id.* § 49.052(a) (emphasis added). When a board determines that a disqualifying relationship exists, the board must, within sixty days, replace the disqualified board member with a qualified person. *Id.* § 49.052(b). A disqualified board member who "willfully occupies" the office "is guilty of a misdemeanor and, on conviction," will be fined $100 to $1,000. *Id.* § 49.052(c); *see State v. Hall,* 829 S.W.2d 184, 187 n.6 (Tex. Crim. App. 1992) (en banc) (stating that conduct is "'wilful' if it is *intentional,* as distinguished from negligent, *and* if it is done *in bad faith or without reasonable ground for believing it to be lawful*").

We do not address chapter 54 of the Water Code, which you inform us also applies to the district. Chapter 54 does not provide for disqualification of a board member because of a relationship with a person who provides "professional services" to a district. *See* TEX. WATER CODE ANN. § 54.102 (Vernon Supp. 2002) ("Qualifications for Directors"); *see also id.* § 54.011 (Vernon 1972) (describing municipal utility districts to which chapter 54 applies). *See generally id.* ch. 54 (Vernon 1972 & Supp. 2002).

Your question requires us to determine the meaning of the term "person" in section 49.052(a)(1). A son is related to his parent within the third degree by consanguinity. *See* TEX. GOV'T CODE ANN. § 573.023(c)(1) (Vernon 1994). If, through his employment with the operating company, the son is a "person" who provides "professional services" to the district, his parent is no longer qualified to serve on the district's board and must be replaced. TEX. WATER CODE ANN.

§ 49.052(b) (Vernon 2000). Neither section 49.052 nor chapter 49 of the Water Code defines the term "person." *See id.* § 49.001 (defining terms for purposes of chapter 49).

We conclude that the term "person" in section 49.052(a)(1) of the Water Code refers only to a natural person. The section uses the term to refer to two different entities: first, to refer to "[a] *person* [who] is disqualified from serving as a member of a board"; and second, to refer to a *"person* providing professional services to the district." *Id.* § 49.052(a)(1) (emphasis added). The first reference certainly indicates an individual, because a corporate entity could not be a board member, nor could a corporate entity be related to a property developer or fellow board member. *See id.; see also id.* §§ 49.055 (requiring board member to "make the sworn statement prescribed by the constitution for public office"); 49.102 (providing for director election); Tex. Att'y Gen. LO-88-44, at 3 ("By its very nature, a corporation does not have relatives."). To construe the term to refer to a corporate entity in its second application in section 49.052 is possible, but makes little sense.

Moreover, in the nepotism context, this office has construed an analogous provision to apply to natural persons only. Section 573.041 of the Government Code, which prohibits a public official from appointing, confirming the appointment of, or voting to appoint or confirm a closely related "individual" to certain positions, does not apply to a governmental body's engagement of a corporate entity. TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994); *see* Tex. Att'y Gen. Op. No. DM-76 (1992) at 2-3 (stating that nepotism law applies only to hiring of natural person, whether as employee or as independent contractor); Tex. Att'y Gen. LO-97-028, at 2 (same); LO-88-44, at 3 (same). As this office has pointed out in connection with section 573.041, a governmental body that contracts with a corporation does not vote to appoint or employ any particular individual to the corporation; rather, "it is the corporation that is responsible" to appoint, supervise, and pay its employees. Tex. Att'y Gen. LO-95-080, at 3.

In light of the fact that Government Code section 573.041 and Water Code section 49.052 both appear to be aimed at preventing nepotism, as well as the fact that section 49.052 uses the term "person" in other phrases clearly to refer to an individual, we construe section 49.052 consistently with section 573.041. We do not distinguish between the two statutes on the basis of their express terminology—section 573.041 refers specifically to appointing or employing "an individual," *see* TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994), while section 49.052 refers to a "person providing . . . services to the district," *see* TEX. WATER CODE ANN. § 49.052(a)(1) (Vernon 2000). Furthermore, we believe that the Code Construction Act's general definition of the term "person" does not apply in the context of Water Code section 49.052. The Code Construction Act, chapter 311 of the Government Code, *see* TEX. GOV'T CODE ANN. § 311.001 (Vernon 1998), defines the term "person" to include a corporate entity:

> The following definitions apply unless the statute or context in which the word or phrase is used requires a different definition:

> . . . .

(2) "Person" includes corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity.

*Id.* § 311.005; *see also id.* § 311.002 (delineating laws to which chapter 311 applies).

We consequently conclude that section 49.052(a)(1) of the Water Code does not disqualify a district director if the director's son is employed in an entry-level position with the district's operating company. *See* Request Letter, *supra* note 1, at 1. We assume, as we have done in the nepotism context, that the corporate entity here does not serve "merely" as the son's "alter ego." Tex. Att'y Gen. LO-88-44, at 3.

We do not answer two other questions you ask. You ask first, if the son's employment disqualifies the district director under section 49.052(a)(1), the result would differ "if the son were employed by the Operating Company but not assigned to the district." Request Letter, *supra* note 1, at 2. Because we have concluded that the son's employment does not disqualify the district director under section 49.052(a)(1), this question's premise is moot. You ask second whether the director may "continue to serve if the son is promoted within the Operating Company but maintains no ownership interest, or is not an office holder, in the Operating Company." *Id.* Because you indicate that the son would not own all or part of or hold office in the company, we assume that a promotion would not make the company the son's alter ego. Consequently, we do not believe the son's promotion would affect the director's qualifications for membership on the district board.

In any of the situations about which you ask, the director must comply with chapter 171 of the Local Government Code, which regulates a local government officer's conflicts of interests. *See* TEX. WATER CODE ANN. § 49.058 (Vernon 2000); TEX. LOC. GOV'T CODE ANN. ch. 171 (Vernon 1999). Under section 171.004 of the Local Government Code, a local government officer who "has a substantial interest in a business entity" involved in a matter before the governmental body must disclose that interest and abstain from participating further in the matter if action "on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public." TEX. LOC. GOV'T CODE ANN. § 171.004(a) (Vernon 1999). Under section 171.002 of the same code, an officer has a "substantial interest in a business entity" if a person related to the officer "in the first degree by consanguinity," such as the officer's son, *see* TEX. GOV'T CODE ANN. § 573.023(c)(1) (Vernon 1994), has a substantial interest, as that term is defined by section 171.002(a). TEX. LOC. GOV'T CODE ANN. § 171.002(a), (c) (Vernon 1999). An officer's failure to comply with chapter 171 may constitute a criminal offense. *See id.* § 171.003(a)(1).

## S U M M A R Y

The phrase "person providing professional services" in section 49.052(a)(1) of the Water Code refers only to an individual, not a corporate entity. Accordingly, a member of a water district board subject to that section is not disqualified from serving on the board if the director's son is employed by the company that contracts to operate and maintain the district's water and wastewater system. TEX. WATER CODE ANN. § 49.052(a)(1) (Vernon 2000). The director must comply with chapter 171 of the Local Government Code, which regulates a local public official's conflicts of interest, however. *See* TEX. LOC. GOV'T CODE ANN. ch. 171 (Vernon 1999).

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee